Steinberg, Fineo, Berger & Fischoff, P.C.
40 Crossways Park Drive
Woodbury, New York 11797
(516) 747-1136
Heath S. Berger, Esq.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
In the Matter of

SYNERGY BRANDS, INC.,

Chapter 7
Case No. 11-70412-dte

-----------------------------------------------------------------------x
KENNETH KIRSCHENBAUM, as Chapter 7 Trustee
for the Estate of Synergy Brands, Inc.,

Adv. Pro. No. 11-08908-dte

Plaintiff,

-against-

THOMAS BARBELLA, MAIR FAIBISH,
MITCHELL GERSTEIN, DAVID SHARIN,
THE CHARLES SCHWAB CORPORATION,
JPMORGAN CHASE & CO., JANNEY
MONTGOMERY SCOTT LLC, & VANGUARD
FIDUCIARY TRUST COMPANY,

Defendants.
-----------------------------------------------------------------------x

### AFFIRMATION IN OPPOSITION ON BEHALF OF MAIR FAIBISH TO TRUSTEE'S APPLICATION FOR PRELIMINARY INJUNCTION

TO: THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

Mair Faibish ("Faibish"), by his attorneys, Steinberg, Fineo, Berger & Fischoff, P.C., as and for his opposition to the Trustee's application for a temporary restraining order and a preliminary injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure states as follows:

1. The Trustee herein is seeking a preliminary injunction restraining the account located at Janney Montgomery Scott LLC, which account holds Faibish's 401(k) and the monies

rolled over to same from the account formerly held in the Synergy Brands Inc. 401(k) Profit Sharing Plan (the "Plan"), as well as a turnover of the entirety of same. It is submitted that such action would amount to a gross overreaching of the Trustee and further, that it would be blatantly improper for this Court to grant such relief.

## IRREPARABLE HARM REQUIREMENT

2. "'A preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.' Any party seeking a preliminary injunction 'must demonstrate that it will suffer irreparable harm in the absence of the requested relief.'" Sussman v. Crawford, 488 F.3d 136, 139-40 (2nd Cir., 2007) (internal citations omitted).

3. It is well settled that the 'irreparable harm' prong requires that "the injury alleged 'must be one requiring a remedy of more than mere money damages.'" Ford v. Reynolds, 316 F.3d 351, 355 (2nd Cir., 2003) citing Tucker Anthony Realty Corp. v. Schlesinger, 888 F.2d 969, 975 (2d Cir., 1989). Here, the Trustee has not made any allegation that he is seeking anything more than monies from Faibish. As a result, the Trustee's application must be denied.

4. Further, "[t]o satisfy the irreparable harm requirement, Plaintiff[] must demonstrate that absent a preliminary injunction [he] will suffer 'an injury that is neither remote nor speculative, but actual and imminent,' and one that cannot be remedied 'if a court waits until the end of trial to resolve the harm.'" Grand River Enterprise Six Nations, Ltd. v. Pryor, 481 F.3d 60, 66 (2nd Cir., 2007) citing Freedom Holdings v. Spitzer, 408 F.3d at 112, 114 (2nd Cir., 2005).

5. Here, the Trustee relies upon speculation that Faibish will either attempt to transfer *his* 401(k) funds to another account or will refuse to pay his *pro rata* share of any costs

2

associated with the termination of the Plan. However, the Trustee has failed to provide any proof that either of the foregoing possibilities is 'actual' or 'imminent.' It is submitted that the Trustee's apparent reliance solely upon a pending investigation, without any substantiation that any claims were even made against Faibish, is insufficient to warrant the drastic relief of a preliminary injunction.

6. In addition thereto, the Trustee makes no allegation that the disbursed funds do not represent either the actual balance of Faibish's prior 401(k) or that the funds somehow do not belong to him.

7. Finally, the Trustee has failed to show that any alleged harm which may be created by the Court's denial of his application would result in any injury which could not be remedied by this Court after a full determination of the merits of this matter.

## BALANCE OF THE HARMS

8. The Trustee's request that all monies contained within the current 401(k) Plan be restrained is overbroad as same is a clear example of overreaching. The granting of the Trustee's application would result in severe prejudice to Faibish, which prejudice would clearly outweigh any harm which the Trustee and/or the other Plan participants may incur.

9. If Faibish's account is restrained by the granting of the Trustee's application and issuance of a temporary restraining order and preliminary injunction, it is submitted that Faibish would be severely prejudiced and unable to utilize same should it be necessary to pay counsel fees or other expenses. In addition, Faibish would be unable to use the monies in a way so that the return on same would be maximized and could be unable to prevent any massive losses if any occurred.

10. In contrast, the Trustee, who is, in the end, only seeking to have Faibish pay his *pro rata* share of the termination costs, would be unjustly and improperly restraining funds well exceeding those necessary to pay Faibish's share of such costs. Further, the Trustee would be able to seek enforcement of any award granted to him by this Court through standard enforcement measures, either through restraint of bank accounts or seeking a disbursement from Faibish's current 401(k) plan, the location of which he is aware.

11. Throughout his application, the Trustee has failed to submit any proof of the dollar amount of fees and/or costs which will be incurred due to the termination of the Plan. Further, the Trustee has failed to establish the number of current participants in the Plan and the balance of his/her respective accounts. If the Trustee had supplied same, it is submitted that this Court (or the Trustee) could clearly calculate not only each participant's *pro rata* share of the costs and fees, but could have easily tailored his request to seek the restraint of only that portion of Faibish's account which would be necessary to pay his specific *pro rata share*.

12. To grant the Trustee's application would not only be premature, but overbroad, and would result in severe prejudice to Faibish.

## **LIKELIHOOD OF SUCCESS ON THE MERITS**

13. In addition to the foregoing, in order "[t]o succeed on a preliminary injunction motion, a party must demonstrate... a likelihood of success on the merits of the underlying action." New Kayak Pool Corp. v. R & P Pools, Inc., 246 F.3d 183, 185 (2nd Cir., 2001)

14. It is submitted that the relief sought by the Trustee, to wit: the turnover of the entire amount of the disbursed funds which Faibish received is overbroad, overreaching, and will not be granted by this Court.

4

15. It is not necessary for the Trustee to have these funds returned to him as he is well aware of the monies which were withdrawn and which were contained within the Plan as of the date the Bankruptcy Petition was filed. It is submitted that he is therefore able to calculate the costs associated with the termination of the Plan and each party's *pro rata* share of same without the necessity of having Faibish withdraw the funds from the current account (and thereby incurring substantial fees).

16. Further, it is submitted that the necessity of having Faibish withdraw the funds from the current account (and thereby incurring substantial fees), only to have same re-disbursed after the termination of the Plan would severely prejudice Faibish and result in him incurring substantial and unnecessary fees due to a second (and perhaps third) disbursement of the monies. As Faibish's *pro rata* share of the termination fee has not even yet been determined, it is submitted that Faibish could incur thousands of dollars in extra fees so that the Trustee may be provided with a payment of a few hundred dollars. Clearly, that would not be equitable.

17. In contrast, once the calculation of each party's *pro rata* share is made, the Trustee could then seek the *pro rata* share of the termination fee from Faibish. Faibish could then choose to incur a fee and withdraw same from his current 401(k) plan or utilize liquid funds and therefore avoid any additional fees altogether.

18. Based upon the foregoing, it is submitted that the Trustee has *not* proven his likelihood of success on the merits and, therefore, his pending application must be denied.

## CONCLUSION

19. Based upon the failure the Trustee to prove any of the requisite elements necessary for this Court to grant his application, it is submitted that it is proper and warranted for this Court to deny same.

WHEREFORE, it is respectfully requested that this Court deny the Trustee's application in its entirety, together with such other and further relief as to this Court seems just, proper, and equitable.

Dated: April 26, 2011
      Woodbury, New York

_____
Heath S. Berger