Michael S. Cryan
David Dubrow
Jordana L. Renert
ARENT FOX LLP
1675 Broadway
New York, New York 10019
(212) 484-3900

Attorneys for Vanguard Fiduciary Trust Company

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x

| | |
|---|---|
| In re | Chapter 7 |
| SYNERGY BRANDS, INC., | Case No. 11-70412-dte |
| Debtor. | (Jointly Administered) |

-------------------------------------------------------------------x

| | |
|---|---|
| KENNETH KIRSCHENBAUM, as Chapter 7 Trustee for the Estate of Synergy Brands, Inc., | |
| Plaintiff, | Adv. Proc. No. 11-08908-dte |
| v. | |
| THOMAS BARBELLA, MAIR FAIBISH, MITCHELL GERSTEIN, DAVID SHARIN, THE CHARLES SCHWAB CORPORATION, JPMORGAN CHASE & CO., JANNEY MONTGOMERY SCOTT LLC, & VANGUARD FIDUCIARY TRUST COMPANY, | |
| Defendant. | |

-------------------------------------------------------------------x

## ANSWER, COUNTERCLAIM AND CROSSCLAIM
## BY VANGUARD FIDUCIARY TRUST COMPANY

Defendant and Counterclaimant/Crossclaimant Vanguard Fiduciary Trust Company

("VFTC"), by its undersigned counsel, for its Answer to the Complaint and

NYC/592358.1

Counterclaim/Crossclaim, states, on knowledge as to itself and upon information and belief as to all other matters, as follows:

## Answer

1. VFTC denies each and every allegation set forth in the Complaint, except admits that it serves as custodian for certain individual retirement accounts ("IRAs") invested in Vanguard mutual funds, and avers that The Vanguard Group, Inc. serves as registered transfer agent for those mutual funds (VFTC and The Vanguard Group, Inc. are referred to collectively herein as "Vanguard").  Vanguard further avers that it maintains an IRA titled in the name of David Sharin – Rollover IRA, Fund Account No. XXXX-XXXXXXX4306 (the "4306 Account"), that Vanguard has duly placed a redemption freeze on such 4306 Account at Vanguard pending further direction of this Court pursuant to the Order of this Court dated May 10, 2011, and disclaims beneficial interest or ownership in the funds and securities held in such 4306 Account at Vanguard, except that Vanguard shall be entitled to deduct its attorneys' fees and costs, to be paid out of funds and securities to be deposited pursuant to further direction by this Court, or in the alternative, which shall remain frozen at Vanguard until further direction from this Court.

2. In accordance with the interpleader statutes and rules, Vanguard shall take no further part in the litigation of this adversary proceeding except for any further action pertaining to the interpleaded 4306 Account at Vanguard and further instruction by this Court. *See* Fed. R. Civ. P. 22(a), made applicable herein by Fed. R. Bankr. P. 7023; 28 U.S.C. §§ 1335, 1397 & 2361; New York CPLR 1006.

## AFFIRMATIVE DEFENSES

3. The Complaint is barred in whole or in part as it fails to state a claim against Vanguard.

4. Vanguard reserves the right to raise other, further and additional affirmative defenses.

### Counterclaim/Crossclaim

## NATURE OF THIS COUNTERCLAIM/CROSSCLAIM

5. This is a counterclaim and crossclaim for interpleader brought pursuant to the Federal Interpleader Act, 28 U.S.C. §§ 1335, 1397 & 2361, Federal Rule of Civil Procedure 22(a), made applicable herein by Federal Rule of Bankruptcy Procedure 7022, and New York CPLR 1006, to resolve potentially competing claims to the funds and securities with the initial depository value of approximately $128,415.44 held by Vanguard in the 4306 Account.

6. Vanguard asserts no interest in the funds and securities in the 4306 Account, to which Plaintiff-Counterclaim Defendant Kenneth Kirschenbaum, as Chapter 7 Trustee for the Estate of Synergy Brands, Inc. ("Kirschenbaum"), and Defendant-Crossclaim Defendant David Sharin ("Sharin" and, together with Kirschenbaum, the "Counterclaim Defendants") may have a claim, and stands ready to deposit the funds and securities described herein with the Clerk of the Court or otherwise upon the Court's instruction.

## THE PARTIES

7. VFTC is a subsidiary of The Vanguard Group, Inc., and serves as custodian for certain IRAs invested in Vanguard mutual funds, and The Vanguard Group, Inc. serves as registered transfer agent for those mutual funds (VFTC and The Vanguard Group, Inc. are referred to collectively herein as "Vanguard").

8. Vanguard is a Pennsylvania corporation with its principal place of business in Malvern, Pennsylvania.

9. Kirschenbaum is, upon information and belief, the duly appointed and acting Chapter 7 Trustee for the estate (the "Estate") of Synergy Brands, Inc. (the "Debtor").

10. Sharin is, upon information and belief, an individual residing in New York. Sharin holds the 4306 Account on which Vanguard has placed a redemption freeze. Vanguard notes that the value of the 4306 Account, which holds funds and securities, may fluctuate due to market conditions.

## JURISDICTION AND VENUE

11. The Court has subject matter jurisdiction over this counterclaim and crossclaim pursuant to 28 U.S.C. § 1332(a) based on diversity of citizenship, as the amount in controversy exceeds $75,000 and Vanguard, on one hand, and the Counterclaim Defendants, on the other, are citizens of different states, and 28 U.S.C. § 1334, 28 U.S.C. § 157 and the Standing Order of Referral of Cases to Bankruptcy Judges for the Southern District of New York, dated July 10, 1984 (Ward, acting C.J.). The Court also has subject matter jurisdiction over this counterclaim and crossclaim pursuant to Federal Rule of Civil Procedure 22(a), made applicable herein by Federal Rule of Bankruptcy Procedure 7022, as Vanguard is a defendant in this adversary proceeding and is exposed to double or multiple liability. This counterclaim and crossclaim is an adversary proceeding brought under Federal Rule of Bankruptcy Procedure 7001(a), and 11 U.S.C. (the "Bankruptcy Code") §§ 105, 363, 541, 542, 549 and 550, and 28 U.S.C. § 2201. This proceeding arises under and otherwise relates to a case under the Bankruptcy Code. Pursuant to 28 U.S.C. § 157(b), this is a core proceeding.

12. The venue of this proceeding is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409. This proceeding arises and relates to a case under the Bankruptcy Code pending in this District.

## FACTS

13. Counterclaim Defendants have made conflicting demands upon Vanguard to funds and securities totaling approximately $128,415.44 held by Vanguard in the 4306 Account.

14. On or about May 10, 2011, Kirschenbaum obtained an Order of this Court restricting funds held by Vanguard in the 4306 Account.

15. Sharin opposed the entry of the Order of this Court dated May 10, 2011.

16. Upon information and belief, this Court will hold further hearings with respect to the Order of this Court dated May 10, 2011.

17. The respective claims by the Counterclaim Defendants are adverse and conflicting and are made without Vanguard's collusion. Vanguard is unable to determine which of the claims are valid.

18. Vanguard is indifferent with respect to the person or entity to whom Vanguard should pay the funds and securities held by Vanguard in the 4306 Account.

19. Vanguard stands ready to deposit the funds and securities held by Vanguard in the 4306 Account with the Clerk of this Court or otherwise upon the Court's instruction. Vanguard notes that the 4306 Account contains funds and securities, and as such, the current value of the 4306 Account may differ from the amount indicated above due to market conditions. Also, because the 4306 Account is an IRA, the assets maintain a tax deferred status under federal law. The disbursement of the 4306 Account to the registry of the Court will have certain tax consequences. For this reason, Vanguard, in the alternative, is also willing to continue to

maintain the redemption freeze on the 4306 Account (in order to maintain its tax deferred status) until it receives further direction from the Court.

20. Vanguard has incurred substantial attorneys' fees and costs as a result of these proceedings, and may incur additional attorneys' fees and costs hereafter.

21. Interpleader is necessary and appropriate to resolve the manner in which the funds and securities held by Vanguard in the 4306 Account should be divided among the potentially competing claims of the Counterclaim Defendants or any other parties claiming any interest in such funds.

WHEREFORE, Vanguard requests that the Court:

A. Enter an Order requiring the Counterclaim Defendants to interplead and litigate their respective rights to the above-described funds and securities;

B. Enter an Order dismissing Vanguard from this adversary proceeding and declaring that Vanguard is discharged from any and all liability arising out of Counterclaim Defendants' claims to the above-described funds and securities;

C. Issue an injunction restraining the Counterclaim Defendants from taking any action against, or in connection with, the above-described funds and securities without further Order of this Court;

D. Award Vanguard its attorneys' fees and costs, to be paid out of the funds to be deposited with the Court, or in the alternative, which shall remain frozen at Vanguard until further direction from the Court; and

E. Grant Vanguard such other, further and different relief as the Court deems just, proper and equitable.

Dated: New York, New York
June 27, 2011

          ARENT FOX LLP
          Attorneys for Vanguard Fiduciary Trust Company

          By: */s/ Michael S. Cryan*
          Michael S. Cryan
          David Dubrow
          Jordana Renert
          1675 Broadway
          New York, New York 10019
          (212) 484-3900